DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DIVISION OF ARKANSAS
JONESBORO DIVISON
Case: 3:16-cv-00081 DPm/PSH

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 14 2016
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Frederick Smith  This _____ to District Judge __MARSHALL__
             and to _____ Judge __HARRIS__
VS.

SECRETARY OF STATE State Capitol, Suite 256 500 Woodlane Avenue Little Rock, AR 72201

# VIOLATION OF 1965 VOTER RIGHTS ACT

COMES NOW; Fred Smith Citizen of the United States, National of the United States, Free White person, Natural Born Citizen,. Tail estate of the donors body, that has endured the regular order and course of inheritance being the absolute fee simple, beneficiary of the express "Trust" "Preamble" in the Constitution of the United States, posterity, known as We, the People, hereby complains of the actions of defendant SECRETARY OF STATE in PERSONAL and official capacity, with claim upon her "blanket bond" ARKANSAS FIDELITY BOND TRUST FUND "*FBTF13*" insurance holding company.

### Jurisdiction

Jurisdiction herein is invoked inter alia, *1965 Voting Rights Act*; 28 USC 1331, 1333, 1251, 1253; Constitution of the United States Article 4, sec. 2 and Article 3, and 42 USC 1983, 1985.

### CAUSE OF ACTION

1 This is an action under *1965 VOTING RIGHTS ACT*; 42 USC 1983, 1985 for the deprivation the right to vote and denial of petitioner privileges and immunities afforded from Article 4, sec.2 Constitution of the United States Denied. Plaintiff also claims relief from within *Rules of the Election Commission* and State and Federal Law i.e. 42 USC 1973; Anderson v. United States 411 US 211(1974); 18 USC 241, 242; ARA 7-1-103; AR5-53-131; 52 USCA 10301.

2 SECRETARY OF STATE; is a resident of Pulaski county Arkansas and is being sued separately in her official and individual capacities.

3 SECRETARY OF STATE was responsible for supervising the training, instruction, discipline, and conduct of government administrative procedures in voting laws including, but not limited to training, instruction, discipline, giving Certificates, control, and conduct concerning jurisdiction, Constitution of Arkansas provisions for denying Citizens right to vote for candidates whose names are put on or off the ballot.

4 SECRETARY OF STATE was responsible for instituting policy for the Democratic Party, which includes, but not limited to, adhering to the established law where he has no authority to tell any candidates who are on the ballot or off. He was not responsible for making a legal determination without law and authority to do so in violation of AR 7-7-201(b)(4) denied petitioner access to vote for himself on the ballot.

5 The established policy has created a custom to deny upon any person or Citizen, petitioner who is exercising the free enjoyment of right to vote in Arkansas. SECRETARY OF STATE of ARKANSAS is responsible for the established climate and custom that allows poll workers to use deliberate unreasonable force in violating the *1965 Voting Rights Act* and denying petitioner access to vote for himself who was on the ballot; that his right to vote was denied, because petitioner is exercising his free enjoyment of the Constitution of the United States privilege, in connection with the Constitution of Arkansas.

6 SECRETARY OF STATE is a political subdivision of the State of Arkansas.

7 Under 1965 Voting Rights Act; 42 USC 1973; Anderson v. United States 411 US 211(1974); 18 USC 241, 242; ARA 7-1-103; AR5-53-131; 52 USCA 10301, at all times pertinent, SECRETARY OF STATE was responsible for providing and maintaining advocacy of unlawful acts by groups or individuals against other persons or groups, in this case, SECRETARY OF STATE directly or indirectly allowed, authorized the provoking and inciting damage, creating VOTER RIGHTS DENIAL to petitioner, which action is not constitutionally protected, poses a threat to public order and Constitution of Arkansas, Constitution of the United States and 1965 Voter Rights Act inter alia, and should be subject to criminal sanctions. Also, the deliberate and willful intention of SECRETARY OF STATE to conduct behavior by violating the Right to Vote of petitioner under 1965 Voting rights Act.

8 SECRETARY OF STATE has final order making authority regarding the provisions of law on voting for candidates who are on the ballot, voting rights intimidation, knowing his

authority to deny Citizens the right to vote in Arkansas that he cannot deny a Constitutional Voting or Right to Vote inter alia.

9 SECRETARY OF STATE has allowed his personal biased & prejudice to deny petitioner the right to vote when he has no authority to stop him from being voted for nor can he stop him from voting for himself. As long as there is no "Felony' then he may not deny petitioner the right to vote. His actions have established certain customs that violate the Constitution of Arkansas and Constitution of the United States. By creating injury to the 1965 Voting Rights Act; 42 USC 1983, 1985; Article 4, sec. 2 Constitution of the United States inter alia. SECRETARY OF STATE has allowed a legal determination without the law to control the operations of voting in Arkansas *inter alia*, receiving monies to split amongst WILL BOND and BENTON SMITH and others for and in the name of DPA Corp. Serv.

10 At all times pertinent, SECRETARY OF STATE conspired, had a meeting of the minds, with Secretary of State; possessing the power to allow petitioner to vote for himself because he was on the ballot. SECRETARY OF STATE does not have authority pursuant to AR 7-7-201(b)(4) to deny petitioner the right to vote nor say I still am not allowing petitioner to vote is egregious and caused irreparable harm to the voting laws, 1965 Voting Rights Act. They carry this authority to make sure all of the orders, rules, instructions, policies and regulations promulgated are with the meaning of 1965 Voting rights Act inter alia. They failed to stop the action that caused this suit of complaint, because they knew before hand to not let "Fred Smith" vote thus verifying and perpetuating the violations listed and to be discussed or laid out.

## **VENUE**

11 SECRETARY OF STATE is being sued in his individual, personal capacity.

12 STATE OF ARKANSAS is being sued NOMINALLY in its capacity as a person. [MIKE BEBE] GOVERNOR is responsible for policy of all election commissions in the State of Arkansas as the CEO or manager, Governor who is directly or indirectly involved due to the fact the violations complained of are unreasonable where as Governor, setting adequate policy and training for Secretary of State in voting procedures creates a climate of a custom that has been established within the ARKANSAS and Corporation Service, that lacks training in denying Citizens rights to vote, allowing Citizens right to vote and lacks provisions in handling concerned Citizens who enter the polls to vote and are told by poll workers that you "Fred Smith" cannot vote for yourself even though his name is on the ballot violates all law on voting Rights Act of 1965 and shows a lack of supervising in Voting Rights of Citizens of Arkansas.

## **CLAIM FOR RELIEF**

13 Fred Smith hereinafter petitioner herein incorporates as reference as if fully set forth herein the allegations of sections 1-12.

14 STATE of ARKANSAS is a person within the meaning of 1965 Voting Rights Act.

15 SECRETARY OF STATE is not entitled to 11th amendment immunity because his ruling is local in nature. SECRETARY OF STATE is not entitled to sovereign immunity because of the purchase of insurance in bond and otherwise.

16 Article 4, section 2 Constitution of the United States provides citizens, includes petitioner with immunity and privilege, to be free to exercise his suffrage in accord with 1965 Voters Rights Act.

17 STATE OF ARKANSAS has delegated its voting operations to DEMOCRATIC PARTY of ARKANSAS who has delegated its statutory responsibility for, and final policy making authority regarding the provision of allowing persons to vote at the polls in Arkansas to MARK MARTIN.

18 STATE OF ARKANSAS has delegated its voting process in obtaining certificates where no felony can be had to obtain such certificate to SECRETARY OF STATE of Palaski County to adhere to State law, Constitutional Law and Federal Law not make determinations on who can vote and who cannot vote.

19 The administrative making decisions of SECRETARY OF STATE with regard to the provision of voting privilege, operation of corporation services in receiving monies, poll facilities authorization of Citizens to vote for persons on the ballot who are within the jurisdictional bounds of STATE OF ARKANSAS are imputed to SECRETARY OF STATE.

20 The policy making decisions mentioned of SECRETARY OF STATE including those imputed to DEMOCRATIC PARTY of ARKANSAS and DEMOCRATIC PARTY of ARKANSAS CORPORATION SERVICES are imputed to DEMOCRATIC PARTY of ARKANSAS by STATE OF ARKANSAS [indirectly] by Mark Martin and SECRETARY OF STATE has no authority to make a ruling, issue an order for the DEMOCRATIC PARTY nor deny a Citizen the right to vote like he did to petitioner violating AR 7-7-201(b)(4). His actions are imputed and serve to bind both, STATE OF ARKANSAS along with the SECRETARY OF STATE directly or indirectly.

21 It is the official policy of SECRETARY OF STATE of ARKANSAS to deny PETITIONER the right to vote at the polls who is "registered" or "qualified" to cast a free ballot for the

candidate of his choice of whose name is on the ballot is forced slavery, violation of the Constitution of Arkansas, and Constitution of the United States too.

22 In the alternative, the manner in which SECRETARY OF STATE of ARKANSAS, directed, poll workers, and how State officials are trained, including the design and implementation of training programs and the follow-up supervision of trainees, is a matter of policy.

23 These actions committed have become widespread to recognize the quality of custom or usage. The official duty of final policy makers of SECRETARY OF STATE inter alia, to be informed of custom or usage and, such policy makers had manifest opportunities to inform petitioner but did not.

24 The actual or constructive knowledge of the existence of this custom or usage intentionally or with deliberate indifference, failed to correct or stop the practices and thus condoned it. This condonement may fairly be attributed in part to STATE OF ARKANSAS and SECRETARY OF STATE of ARKANSAS, a GOVERNMENT OFFICIAL.

25 The actions committed deprived petitioner of his Constitutional Privileges and Immunities to adequate allowance of Constitutional Right to vote is furtherance of an official policy, custom or usage of SECRETARY OF STATE and such official policy, custom, or usage was direct and proximate cause of such deprivation.

26 GOVERNOR is not entitled to qualified, sovereign immunity because of the purchase of "Bond Insurance".

27 Such conduct poses a pervasive and unreasonable risk of Constitutional violations and injury- such are the violations here; to petitioner. SECRETARY OF STATE had actual constructive knowledge given to her from state officers, who knew or should have known, having a meeting of the minds Will Bond, Mark Martin, Mike Bebe all decided to engage in conduct that posed pervasive and unreasonable risk of Constitutional violations and injury to petitioner.

28 The deliberate indifference to, or tacit authorization of, such unconstitutional conduct shows the response of actual or constructive knowledge of this pervasive and unreasonable risk of Constitutional violation and injury to petitioner.

29 A reasonable person in their positions of defendant would have known that her actions violated petitioner's Article 4, section 2 Constitutional Privileges and immunities along with certain state statutory provisions.

30 GOVERNOR is liable under the law of Arkansas for such actions of SECRETARY OF STATE individual violations based on the doctrine of respondent superior.

31 Treble damages are entitled to be given to petitioner for such wrong or injury pursuant to Arkansas Law.

32 Petitioner is entitled to recover damages against SECRETARY OF STATE bonds' pursuant to Arkansas law.

33 Defendants' conduct was willful or wanton in that it constituted the conscious and intentional disregard of, and indifference to, the privileges and immunities, VOTING rights, of petitioner, which said defendant knew, or should have known, was reasonably likely to result in injury, damage, or other harm.

## FACTS
## CONSPIRACY
### Claim of RICO, and Sherman Act Violations

34    Petitioner hereby incorporates the factual allegations of all previous paragraphs as though those allegations were fully set forth herein.

35    This pattern of Racketeering and Corrupt influence by Defendants is wide spread throughout Arkansas. This complaint also alleges violations under the Organized crime Control Act of 1970, Pub. L. No. 91-452, section 901(a), 84 Stat. 941, Racketeering Influenced and Corrupt Organizations (RICO), Sherman Anti-Trust Act, that Petitioner complains – where SECRETARY OF STATE by and thru the enterprise DEMOCRATIC PARTY of ARKANSAS CORPORATION SERVICES-BENTON SMITH; and by an thru the principal enforcer Secretary of State.

36    With participant, SECRETARY OF STATE, by and thru orders from the affairs of the enterprise "DEMOCRATIC PARTY" incorporating SECRETARY OF STATE with Director of Corporation Services Benton Smith, influenced acts, and displays of conduct from this pattern of influence and has violated Article 4, Sec. 2 Constitution of the United States, 18 USC 1962(c), (a),(b), and is brought against "SECRETARY OF STATE", in connection to victim of a monopoly scheme devised, conducted, and/or participated in by Defendant, where he is an employee of the STATE OF ARKANSAS by or associated with STATE OF ARKANSAS.

37    SECRETARY OF STATE receives income derived from the enterprise, where *It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.*

By conduct and participants, Will Bond, Benton Smith, in the affairs of the enterprise where *It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.*

38      SECRETARY OF STATE conduct or participation, directly or indirectly, in the conduct of the affairs of the DEMOCRATIC PARTY of ARKANSAS, through a pattern of racketeering activity, creating, establishing, to monopolize the person, where defendants association, participation with the enterprise affairs, who conspired to do so, and to wrongfully and unlawfully divert the right to vote of petitioner thru false claims where petitioner was violated by being denied the right to exercise his "Constitutional Right To Vote" was told you cannot vote for yourself-Fred Smith, without cause, or reason for denial.

39      Conspiracy past down to voting poles to systematically in a scheme to defraud petitioner by taken away his right to vote that's guaranteed by Article 4, sec. 2; the 14th amendment of the Constitution of the United States without cause is egregious, absurd, willful, deliberate indifference to the privileges and immunities guaranteed by Article 4 sec. 2 Constitution of the United States violating 1965 Voters Rights Act.

40      Where petitioner has been injured in denial of right to vote. Is Forced slavery, to not be able to accept a vote, for Fred Smith from biased & prejudice order sent under color of law conducted by willful participant SECRETARY OF STATE who is a government employee who participated in the affairs of the enterprise- DEMOCRATIC PARTY of ARKANSAS, where if he would devote a significant amount of energy to conspire with others – Benton Smith too, he would be guaranteed income derived from his participation in the scheme to deny, take away Petitioners Constitutional privilege to Vote and seek public office shocks the conscious. To the detriment of Representative Fred Smith, violating, Sherman Anti-Trust Act, RICO and Constitution of the United States, and **1965 Voting Rights Act** inter alia.

### FACTS SPECIFIC
1965 Voting Rights Act

41      *No voting qualification or prerequisite to voting, or standard, practice, or procedure shall be imposed or applied by any State or political subdivision to deny or abridge the right of any Citizen of the United States to vote on account of race or color* herein, petitioner claims "Discrimination" upon him being a "African American" in Arkansas who was denied the right to vote.

42  Also, these discriminating actions caused direct immediate damage to petitioner not being allowed to vote for the candidate of his choice was a act of forced slavery in violation of the *14th Amendment* of the Constitution of the United States and violated *1965 Voting Rights Act* by

defendants to deny the petitioner the privilege to choose a candidate of choice. Defendant violated 42 U.S.C.A. § 1983 too, failing to provide due process to petitioner in making public false orders for a Citizen of the 50th District who entered the polls to vote for Fred Smith in exercising freedom of right to vote but was defrauded by SECRETARY OF STATE with defamatory instructional information for defendants' own professional gain by orders and instructions from Will Bond to keep that nigger out of the 50th district seat even though that district is predominately "African American" because DEMOCRATIC PARTY of ARKANSAS wants a "White Person" in that seat.

## SECOND CAUSE OF ACTION

Title 42 U.S.C. 1973 et. seq, &
Violation of the 1965 Voting Rights Act,

43    Plaintiff re-alleges all allegations contained in above Paragraphs, that the Defendants on or about March 13, 2012 through April 13, 2014 committed said acts of the Complaint are incorporated herein as set forth in full and that the Defendants actions violate the Constitution of the United States as well as for the Constitution of the Republic of Arkansas; **Ark. Code Ann. §§ 16-56-105 (5),(6)***et seq.*, for, Discrimination and damages to Right to Vote in violation of the ***1965 Voting Rights Act*** denying his right to vote because his name was on the ballot as a Democrat. The Defendants: DEMOCRATIC PARTY of ARKANSAS & DEMOCRATIC PARTY OF ARKANSAS CORPORATION SERVICES is organized as a corporation operating within the State of Arkansas. That these defamatory instructions given by the secretary of state Mark Martin caused direct immediate damage to Mr. Smith's opportunity to Vote and run for the seat which their actions damaged the free exercise of right to vote, of petitioner which caused a great deal of stress and anxiety to him being denied like a slave during Jim crow era and Klu Klux Klan period in open hangings, beatings of African Americans who went to vote and were abused by them and others.

## DAMAGES SOUGHT

WHEREFORE Petitioner, demands judgment against the defendants, jointly and severally, as follows:

    a.) as compensatory damages, the sum of $300,000.00 Three Hundred Thousand Dollars;

    b.) as punitive damages to the petitioner's free exercise of right to vote, in the sum of $300,000.00 Three Hundred Thousand Dollars for the Defendants willful, arbitrary and negligent actions in treble damages;

c.) Exemplary and emotional damages be imposed for the Petitioner's emotional distress in restitution for his economic losses in the sum of $300,000.00 Three Hundred Thousand Dollars in that the loss personal representation and undue stress upon our family life;

d.) Attorneys' fees imposed in prosecuting this action pursuant to the Defendants actions;

e.) And that other such further relief as to the Court deems proper.

Former Representative

Fred Smith

# JURAT

**STATE ARKANSAS**

COUNTY _Crittenden Ark._

BEFORE me affirmed this day of _11_ of _March_ _____ 2016 appeared

_____[signature]_____, proving to be the petitioner in this matter

and has subscribed her signature this day.

_____Bernice Marshall_____
NOTARY

My commission expires: _7/25/2018_



OFFICIAL SEAL - NO. 12367146
BERNICE MARSHALL
NOTARY SEAL ARKANSAS
CRITTENDEN COUNTY
EXPIRES: 07-25-18



# ARKANSAS SECRETARY OF STATE
# MARK MARTIN

March 7, 2012

**VIA FAX AND MAIL**
Fax no: 501-376-8409

Honorable Will Bond
Chairman
Democrat Party of Arkansas
1300 West Capitol Avenue
Little Rock, Arkansas 72201

RE:   State Representative District 50 (Certification of Fred Smith)
       2012 Preferential Primary Ballot (Crittenden County)

Dear Chairman Bond:

Thank you for your letter of March 6 asking this Office not to transmit the name of Fred Smith for inclusion on the Primary Ballot. This follows this Office's initial response with the same date, sent by fax, asking for additional information or legal support for your position, and Mr. T. Benton Smith's response today.

On March 1, 2012, you, personally, certified to this Office that Mr. Smith had completed all the necessary requirements to file as a candidate for the Office of State Representative in the Democrat Preferential Primary. In reliance upon your certification, Mr. Smith completed the filing process, twice signed a Political Practices Pledge, and received the Candidate Information Form and Receipt for the 2012 Election Year from this Office, as filed on March 1, 2012. Consequently, Mr. Smith has a constitutionally protected interest in his own filing for office. He -- and this Office -- detrimentally relied upon your March 1 certification when completing the filing process within the statutory deadline for filing.



This Office respectfully believes that Arkansas law does not permit a political party to unilaterally change its previous certification to this Office, with no notice to the candidate, or otherwise. In order to accord Mr. Smith Due Process and Equal Protection under the law, this Office must follow clearly established Arkansas case law. For more than seventy (70) years, with no change from the Legislature, the Arkansas Supreme Court has said: "Arkansas law is well settled that the party chairman and secretary do not have the judicial authority to determine that a candidate is ineligible to hold public office, nor can they refuse to place the candidate's name upon the ballot." Ivy v. Republican Party, 318 Ark. 50, 52 (1994); Ridgeway v. Catlett, Chairman, 238 Ark. 323 (1964); Irby v. Barrett, 204 Ark. 682 (1942); Fite v. Grulkey et al, 2011 Ark. 188 (2011) (citing, Ivy, inter alia); see, Hill v. Carter, 357 Ark. 597, 605 (2004).

Honorable Will Bond
Re:  State Representative District 50 (Certification of Fred Smith)
     2012 Preferential Primary Ballot (Crittenden County)
Via Fax and Mail
March 7, 2012
Page 2 of 3

The Supreme Court was explicit, in a case directly on point: After a candidate has filed for office, and "after a political party has certified a candidate as meeting its filing requirements," a political party may not initiate and conduct an investigation on its own, on a matter like felony, and then order the Secretary of State to remove that candidate's name from the ballot. "At this stage of the election process, it would appear to this court that the appropriate procedure to be followed by the political party, should the party wish to remove a certified candidate's name from the ballot pre-election, is to file a petition in circuit court for an eligibility determination and mandamus relief under the Craighead County procedures." Hill v. Carter, 357 Ark. 597, 605 (2004) (citing, State v. Craighead County Bd. of Election Comm'rs, 300 Ark. 405, 779 S.W.2d 169 (1989)).

Moreover, case law suggests that, at this stage of the process, Party Rules do not govern. "At this stage of the election process, we disagree that [the] remedy lay under the Democratic Party Rules, because [the candidate] had already been certified as completing the steps to file as a proper candidate by that political party. At this stage, we are of the opinion that [the] remedy to determine residency rested in circuit court and not under Party Rules. We hold that [ ] recourse, pre-election and after certification as completing the steps to file as a candidate by the Democratic Party, was to file suit for declaratory judgment and mandamus on his eligibility point. . . ." Hill v. Carter, 357 Ark. 597, 604 (2004).

The change to Arkansas law set forth in Ark. Code Ann. §7-7-201(b)(4) (Act 901 of 1995) does permit a political party to investigate issues *prior to the party's certification* and to decline to certify any potential candidate. After certification *by the party*, however, the political party no longer has any power to proceed unilaterally, outside of Circuit Court. Case law on point, and general election law, were preserved in the same Act at Ark. Code Ann. §7-7-201(d). See, Hill v. Carter, 357 Ark. 597, 605.

The current record in this Office shows that Mr. Smith is entitled to have his name certified to the Crittenden County Election Commission and County Clerk as a candidate for Representative in District 50. The remedy for your political party – if it wishes to challenge Mr. Smith's certification - is to proceed in Circuit Court, present the evidence, provide Mr. Smith his constitutional rights to Due Process and Equal Protection to challenge such evidence, and have a court of competent jurisdiction determine the outcome. Your letters give insufficient legal basis to preclude certification now.



State Capitol, Room 026  •  Little Rock, Arkansas 72201-1094



## 2012 Political Practices Pledge

I, __Frederick Smith__, a candidate for the office of __State Representatives__, do hereby state that I am familiar with the requirements of A.C.A. §§ 7-1-103, 7-1-104, 7-3-108, 7-6-101, 7-6-102, 7-6-103, and 7-6-104, known as the Political Practices Provision of the Arkansas Election Code, and that I will in good faith comply with the provisions of the same.

I hereby certify that I have paid all filing fees or have otherwise qualified by an alternate method as provided by the Party and have filed a Candidate Eligibility Application as required by the Democratic Party of Arkansas.

ALL CANDIDATES MUST COMPLETE THE FOLLOWING SECTION:

I hereby certify that I have never been convicted of a felony in the State of Arkansas, or in any other jurisdiction outside of Arkansas.*

Name: __Frederick Smith__
(Print name exactly as it will appear on the Ballot.)

Address: __P.O Box__

City: __Crawfordsville__

Signed this ____ day of _____, 2012

_____
(Signature)**

**MUST BE SIGNED BY ALL CANDIDATES WHOSE NAME WILL APPEAR ON THE BALLOT**

• Name as recorded on your voter Registration Records (if different):

* A prospective candidate for state, district, county, municipal or township office who has had a felony conviction expunged in accordance with Ark. Code Ann. Section 16-93-301-303 or similar expunction statute in another state may certify that he or she has never been convicted of a felony, provided the candidate presents a certificate of expunction from the court that convicted the prospective candidate. See Ark. Code Ann. Section 7-6-102(d)

White Copy: Secretary of State   Yellow Copy: Candidate   Pink Copy: Democratic Party of Arkansas

*Handwritten annotations overlaid on form:* "Secretary of state, Remove my name from the ballot, Denied my petition an voter rights, Due Process of equal protection, Violated 1965 voting Right Act..."



## 2012 District, State, or Federal Candidate

## Receipt of Filing Fee

THE DEMOCRATIC PARTY OF ARKANSAS CERTIFIES THAT __Frederick Smith__ HAS COMPLETED ALL NECESSARY REQUIREMENTS TO FILE AS A CANDIDATE FOR THE OFFICE OF __State Representatives__ IN THE DEMOCRATIC PREFERENTIAL PRIMARY ELECTION TO BE HELD ON TUESDAY, MAY 22, 2012.

THIS CERTIFIES THAT THE CANDIDATE HAS SIGNED A DEMOCRATIC PARTY POLITICAL PRACTICES PLEDGE AND HAS PAID ALL REQUIRED FILING FEES.

WITNESS MY HAND THIS __1__ DAY OF __March__, 2012.

_____
Chairman, Democratic Party of Arkansas

White Copy: Secretary of State    Yellow Copy: Candidate    Pink Copy: Democratic Party of Arkansas

12

Mark Martin, Secretary of State
Elections Division, Room 026
State Capitol
Little Rock, Arkansas 72201

# Political Practices Pledge

I, __Frederick Smith__ a candidate for the Office of __State Representatives__
(Name of office)

District Number __50__, Division Number _____, Position Number _____, hereby state that I am familiar with the requirements of Arkansas Code Annotated §§ 7-1-103, 7-1-104, 7-3-108, 7-6-101, 7-6-102, 7-6-103, and 7-6-104 and that I will in good faith comply with the provisions of the same.

Check all that are applicable:

__✓__ CANDIDATE FOR PARTY NOMINATION

____ NON-PARTISAN JUDICIAL CANDIDATE

____ INDEPENDENT CANDIDATE

____ WRITE-IN CANDIDATE

____ SCHOOL BOARD CANDIDATE

Name of Party __Democratic__

**FILED**

MAR 01 2012

Arkansas
Secretary of State

ALL CANDIDATES MUST COMPLETE THE FOLLOWING SECTION:

I hereby certify that I have never been convicted of a felony in the State of Arkansas, or in any other jurisdiction outside of Arkansas.**

Sign your name: _[signature]_

Date Signed: __March 1 2012__

Print your name as it is to appear on ballot: __Frederick Smith__
(See Below, AR Code Annotated § 7-7-305(c))

Address: __PO Box 233 / 106 Green St__

City, State & Zip Code: __Crawfordsville Arkansas__

**A prospective candidate for state, district, county, municipal or township office who has had a felony conviction expunged in accordance with Ark. Code Ann. Section 16-93-301 to 303 or similar expunction statute in another state may certify that he or she has never been convicted of a felony, provided the candidate presents a certificate of expunction from the court that convicted the prospective candidate. See Ark. Code Ann. Section 7-6-102(d)

---

7-7-305. Printing of ballots - Form.

(c)(1)(A) Any person who shall file for any elective office in this state may use not more than three (3) given names, one (1) of which may be a nickname or any other word used for the purpose of identifying the person to the voters, and may add as a prefix to his or her name the title or an abbreviation of an elective public office the person currently holds.

(B) A person may use as the prefix the title of a judicial office in an election for a judgeship only if the person is currently serving in a judicial position to which the person has been elected.

(C) A nickname shall not include a professional or honorary title.

(2) The names and titles as proposed to be used by each candidate on the political practice pledge or, if the political practice pledge is not filed by the filing deadline, then the names and titles that appear on the party certificate shall be reviewed no later than one (1) business day after the filing deadline by the Secretary of State for state and district offices and by the county board of election commissioners for county, township, school, and municipal offices.

(3)(A) The name of every candidate shall be printed on the ballot in the form as certified by either the Secretary of State or the county board.

(B) However, the county board of election commissioners may substitute an abbreviated title if the ballot lacks space for the title requested by a candidate.

(C) The county board of election commissioners shall immediately notify a candidate whose requested title is abbreviated by the county board of election commissioners.

(4) A candidate shall not be permitted to change the form in which his or her name will be printed on the ballot after the deadline for filing the political practices pledge.

Rev. 2/2012

14

ark, Martin, Secretary of State  
ctions Division, Room 026  
te Capitol  
le Rock, Arkansas 72201

ctions Division  
one 501-682-5070  
x 501-682-3408

**Candidate Information Form & Receipt For** 2010 **Election Year**

120260 STREETSON2

**FILED**

MAR 01 2012

Arkansas  
Secretary of State

ame of Candidate: Frederick Smith

fice Sought: Arkansas  District No. 50 (If any)  Division No. ___ (if any)

osition No. ___ (if any)  County in which Candidate resides: Crittern

arty Affiliation: Democrat ✓  Republican ___  Libertarian ___  Green ___

Non-Partisan Judicial ___  Other _____

hone: (901) 406 6631  Please put the number you want released to the public.

ermanent Address:  
Po Box 233  
Crawfordsville Ark  
72327

Campaign Address: (if different from permanent address)

he Secretary of State has received a party certificate or other document showing Candidate's payment of filing fees, etc ......... ✓  
andidates for Non-Partisan Judicial position have either paid a filing fee or filed sufficient petition signatures ................. N/A  
andidate completed and signed a Political Practices Pledge ................................................................ ✓  
andidate has been offered the opportunity to complete optional background information ................................. ✓  
andidate has received an information packet which includes: .................................................................... ✓

1. Arkansas Election Calendar  
2. Campaign Finance Forms  
3. Campaign Finance Rules & Regulations  
4. Statement of Financial Interest

his receipt shall serve as verification that all filing procedures with the Secretary of State's office have been completed, nd the above candidate is officially filed for the 20 _12_ election ballot.

_____  _____  
Candidate's Signature  Elections Division Staff

** *The following information is optional* **

Marital status: Married ☐  Single ☐  Sex: Male ☐  Female ☐  
Place of birth: _____  Date of birth: _____  
Number of children: ____  Religion: _____  Occupation: _____  
Schools attended: _____  
Current public office held (if any): _____  
Previous public office(s) held (if any): _____  
E-mail address: _____

Rev. 2/1/12

(15)

# STATE OF ARKANSAS

To All to Whom These Presents Shall Come-Greeting:

Know Ye, That Whereas, It appears that

## Fred Smith

was duly elected State Representative District 50 in and for the State of Arkansas, at an election held on the sixth day of November, Two Thousand Twelve.

Therefore, I, Mike Beebe, Governor of the State of Arkansas, in the name and by authority of the people of the State of Arkansas, vested in me by the Constitution and the laws of said State do hereby commission the aforenamed to the office of

### State Representative District 50

in and for the State of Arkansas for and during the term prescribed by the laws of the State.

Fred Smith is, therefore, hereby authorized to do and perform all and singular the duties incumbent upon the office of

### State Representative District 50

in and for the State of Arkansas, according to law and the trust reposed in said office.

In Testimony Whereof, I have hereunto set my hand and caused the Great Seal of the State of Arkansas to be affixed at Little Rock, this fourteenth day of January, in the year of Our Lord Two Thousand Thirteen.

Mike Beebe, Governor

Mark Martin, Secretary of State

*[Handwritten annotations overlaid across certificate:]*

"How can a man after being convicted service as a state Rep. Party? An be convicted by the Democratic kick off the ballot, denied by the Judge, his voter rights an Due Process of equal protection.... An still became State Representative of Arkansas the same year!"

John 3:16
Psalm 23
Standing on God, cover in the blood of Jesus Christ

