IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FREDERICK SMITH                                                PLAINTIFF

v.                                    No. 3:16-cv-68-DPM

DEMOCRATIC PARTY OF ARKANSAS;
WILL BOND, Chairman/Board Member of
Democratic Party of Arkansas; BENTON
SMITH, Organizer for Democratic Party of
Arkansas; State of Arkansas; Mike Bebe, in
his official and individual capacities; and
ARKANSAS FIDELITY BOND TRUST FUND,
FBTF13                                                         DEFENDANTS


FREDERICK SMITH                                                PLAINTIFF

v.                                    No. 3:16-cv-80-DPM

MARY McGOWAN, in her personal and official
capacities                                                      DEFENDANT


FREDERICK SMITH                                                PLAINTIFF

v.                                    No. 3:16-cv-81-DPM

SECRETARY OF STATE, in personal and
official capacities                                             DEFENDANT

FREDERICK SMITH                                              PLAINTIFF

v.                          No. 3:16-cv-89-DPM

U.S. DEPARTMENT OF EDUCATION;
BRIAN BEERS, Special Agent; and PHILLIP CARTER,
Former City Council Member                                  DEFENDANTS

## ORDER

1. Frederick Smith has four cases pending before this Court. This global Order will be filed in each. He moves to proceed *in forma pauperis*. Those motions are granted. Smith doesn't have much money; it doesn't appear that he can afford the filing fees up-front.

2. The Court must screen each of Smith's complaints before ordering service. 28 U.S.C. § 1915(e)(2). A chart of all nine of his cases (current and past) in this District is attached as Appendix A. Smith's complaints can be simply summarized. He was removed from an election ballot by court order. He has challenged that order (and related events) many times, claiming that several state government officials conspired to remove him from the ballot and ruin his good name. Each of Smith's four new complaints fails for one reason or another.

In two cases—No. 3:16-cv-80-DPM and No. 3:16-cv-81-DPM—*res judicata* requires dismissal. The Court rejected Smith's claims against Judge Mary McGowan and Secretary of State Mark Martin on the merits in case No. 3:14-cv-254-DPM. *Professional Management Associates, Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003). And for reasons explained below, this Court lacks jurisdiction in any event because of a pending appeal.

In each of Smith's other two cases he makes claims under the civil RICO statute and the Sherman Antitrust Act. Smith hasn't pleaded enough facts to support either claim. He hasn't, for example, said what the corrupt enterprise is under the RICO statute; and this dispute has nothing to do with restraint of trade under the Sherman Act. *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 353–54 (8th Cir. 2011) (civil RICO); 15 U.S.C. § 1.

Smith's other claims in complaint No. 3:16-cv-68-DPM fail for two reasons. First, every named defendant—except for Benton Smith (no relation to Frederick Smith) and Arkansas Fidelity Bond Trust Fund—was involved in an earlier case that this Court dismissed without prejudice. No. 3:14-cv-254-DPM № 46. Smith has appealed that decision. That means this Court lost power over the dispute, which remains in the Court of Appeals' hands.

*Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 58 (1982). Second, Smith claims that the defendants' actions violated the Voting Rights Act. But Smith isn't an "aggrieved person" entitled to sue under the Act—*his* voting rights weren't denied. *Roberts v. Wamser*, 883 F.2d 617, 624 (8th Cir. 1989).

In Smith's final new complaint, No. 3:16-cv-89-DPM, he says the United States Department of Education (through Brian Beers and Phillip Carter) violated 42 U.S.C. § 1983 and Smith's Fourth Amendment rights by coming into Smith's office and stealing a printer, some thumb drives, and a cell phone. But even assuming these facts are true, intentionally taking someone's property doesn't violate the federal Constitution as long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Arkansas does. It allows Smith to sue Beers and Carter in tort, and recover, if he proves his case in state court.

\*   \*   \*

- In No. 3:16-cv-80-DPM, the *in forma pauperis* motion, № *1*, is granted. The complaint will be dismissed with prejudice.

- In No. 3:16-cv-81-DPM, the *in forma pauperis* motion, № *1*, is granted. The complaint will be dismissed with prejudice.

- In No. 3:16-cv-68-DPM, the *in forma pauperis* motion, № *1*, is granted. The complaint will be dismissed without prejudice.

-4-

- In No. 3:16-cv-89-DPM, the *in forma pauperis* motion, № 1, is granted.  The complaint will be dismissed without prejudice.

The Court cautions Smith that he cannot keep filing federal lawsuits about issues either that have been decided or lack merit.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_24 May 2016_

# APPENDIX A

| NUMBER | STATUS |
|---|---|
| 3:13-cv-50-JLH, *Smith v. State of Arkansas et al.* | Closed.  Dismissed with and without prejudice.  Sued about being added to the NCIC database as part of a conspiracy to ruin his good name. |
| 3:14-cv-254-DPM, *Smith v. Democratic Party et al.* | On appeal.  Dismissed with and without prejudice.  Sued about being removed from the ballot. |
| 3:15-cv-402-JM-BD, *Smith v. Ark. Board of Election Commissioners et al.* | Pending.  Sued about being removed from the ballot. |
| 4:15-cv-521-JM, *Smith v. Ark. Board of Election Commisioners et al.* | Closed. Dismissed with prejudice.  Sued about being removed from the ballot. |
| 3:16-cv-10-DPM, *Smith v. McKelvey et al.* | On appeal.  Dismissed without prejudice. Sued about being added to the NCIC database. |
| 3:16-cv-68-DPM, *Smith v. Democratic Party et al.* | Pending.  Sued about his removal from the ballot. |
| 3:16-cv-80-DPM, *Smith v. McGowan* | Pending.  Sued about Judge McGowan's order removing him from the ballot. |
| 3:16-cv-81-DPM, *Smith v. Secretary of State* | Pending.  Sued about Secretary of State Martin enforcing Judge McGowan's order. |
| 3:16-cv-89-DPM, *Smith v. Department of Education et al.* | Pending.  Sued about items taken from his office because of the conspiracy to ruin his good name. |